UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DANIEL ROBERT WHITE | § | |
| | § | |
|     Petitioner | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-483 |
| | § | |
| UNITED STATES OF AMERICA | § | |
| | | |
|     Respondent | | |

## MEMORANDUM AND RECOMMENDATION

Petitioner Daniel Robert White (White) is in the custody of the Bureau of Prisons at Three Rivers, Live Oak, Texas.[1] (D.E. 1). He filed this *pro se* petition for writ of habeas corpus seeking to have his conviction vacated. His petition was filed pursuant to 28 U.S.C. § 2241. For the reasons stated, it is respectfully recommended that Petitioner's cause of action be dismissed because the relief he seeks can be granted only through a petition brought pursuant to 28 U.S.C. § 2255 in the Eastern District of Texas.

## I.  JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 2241. *Lee v. Wetzel*, 244 F.3d 370, 373 n. 3 (5th Cir. 2001);  28 U.S.C. § 124(b)(6).

## II.  BACKGROUND

White pled guilty in 2006 to the Superseding Indictment that charged him with possession of a firearm, a 12 gauge shotgun, by a felon pursuant to 18 U.S.C. §

---

[1] A habeas corpus petition should be directed to the Warden of the prison in which the petitioner is held. The warden at Three Rivers where White is currently incarcerated is Keith Roy. White filed his petition against the United States.

922(g)(1).[2] The indictment was brought in the district court of the Eastern District of Texas, Cause No. 1:05-CR-00127. (D.E. 59). He was sentenced to 193 custody months in July 2006. (D.E. 73).[3] White appealed to the Fifth Circuit which affirmed his conviction and sentence in June 2007. *United States v. White*, No. 06-41180 (5th Cir. June 21, 2007) (per curiam) (designated unpublished). White's sole issue on appeal challenged the

---

[2] Subpart (g)(1) provides that "It shall be unlawful for any person—who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year; . . .[to] possess in or affecting commerce, *any* firearm or ammunition; or to receive *any* firearm or ammunition which has been shipped or transported in interstate or foreign commerce." *Id*. (emphasis added).

Firearm is defined to mean "(A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (B) the frame or receiver of any such weapon; (C) any firearm muffler or firearm silencer; or (D) any destructive device. Such term does not include an antique firearm." 18 U.S.C. § 922(3).

A destructive device is defined to mean,

    (A) any explosive, incendiary, or poison gas--

        (i) bomb,

        (ii) grenade,

        (iii) rocket having a propellant charge of more than four ounces,

        (iv) missile having an explosive or incendiary charge of more than one-quarter ounce,

        (v) mine, or

        (vi) device similar to any of the devices described in the preceding clauses;

    (B) any type of weapon (other than a shotgun or a shotgun shell which the Attorney General finds is generally recognized as particularly suitable for sporting purposes) by whatever name known which will, or which may be readily converted to, expel a projectile by the action of an explosive or other propellant, and which has any barrel with a bore of more than one-half inch in diameter; and

    (C) any combination of parts either designed or intended for use in converting any device into any destructive device described in subparagraph (A) or (B) and from which a destructive device may be readily assembled.

18 U.S.C. § 922(4).

[3] Docket entry references to historical events in the original criminal proceedings are to the Eastern District of Texas proceeding, Cause No. 1:05-CR-127.

district court's denial of his motion to suppress evidence. *Id*.

White filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 in October 2008 that the district court dismissed in January 2009. (D.E. 85). The district court's order does not appear in the docket, but the Fifth Circuit's denial of his request for a Certificate of Appealability in February 2011 reflects that the district court denied the motion as untimely. (D.E. 91). White's motion to vacate complained of government misconduct and ineffective assistance of counsel regarding issues surrounding the search of his home and the denial of his motion to suppress. (D.E. 85).

### III. PETITIONER'S CLAIMS

White seeks to vacate his conviction and expunge all record of these proceedings on the ground that he is actually innocent. White claims that "a convicted felon is allowed by law, to purchase and own a shot gun and shot gun shells." (D.E. 1, p. 6). Therefore, he claims that the indictment charging him with felon in possession is "erroneous and unconstitutional." (D.E. 1, p. 6).

### IV. PETITION FOR HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

A writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration." *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (internal citations omitted); *Moorehead v. Chandler*, 540 Fed. App'x. 458, 458 (5th Cir. Oct. 9, 2013) (per curiam) (designated unpublished); *United States v. Gabor*, 905 F.2d 76, 77-78 n.2 (5th Cir. 1990); *United States v. Garcia-Gutierrez*, 835

F.2d 585, 586 (5th Cir. 1998) (claims for sentence credit to federal sentences are properly brought pursuant to § 2241).

In contrast, a § 2255 motion provides the primary means of collateral attack on a federal sentence. *Pack*, 218 F.3d at 451. Relief under § 2255 is warranted for errors cognizable on collateral review that occurred at or prior to sentencing. *Id*. A § 2255 motion must be filed in the sentencing court. *Id*.; *Eckles v. Chandler*, 574 Fed. App'x. 446, 446 (5th Cir. July 1, 2014) (per curiam) (designated unpublished). A § 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a § 2255 motion. *Pack, 218 F.3d at* 452; *Kinder v. Purdy*, 222 F.3d 209, 212 (5th Cir. 2000) (same).

Petitioner's habeas corpus claims are based on his alleged innocence of the felon in possession of a firearm charge on the grounds that the firearm is a shotgun and is excluded from the prohibition in § 922(g)(1). White asks this Court to vacate his conviction. Because White's complaints relate to the merits of his conviction, not to the interpretation or carrying out of his sentence by the Bureau of Prisons, White must challenge his sentence in the sentencing court through a § 2255 action, unless he qualifies for relief pursuant to § 2255's savings clause. 28 U.S.C. § 2255.

Petitioner may bring his claim pursuant to § 2241 by showing that § 2255 is inadequate or ineffective to test the legality of his conviction. *Reyes v. Requena*, 243 F.3d 893, 901 (5th Cir. 2001); *Tolliver v. Dobre*, 211 F.3d 876, 877–78 (5th Cir. 2000) (per curiam). The savings clause provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

The savings clause of § 2255(e) applies to a claim that is based upon 1) a retroactively applicable Supreme Court decision that establishes that 2) Petitioner may have been convicted of a nonexistent offense and 3) that the complaint was foreclosed by circuit law at the time the claim should have been raised at trial, on appeal or by his first § 2255 motion. Under that set of circumstances, it can be fairly said that the remedy by a successive § 2255 motion is inadequate. *Reyes-Requena*, 243 F.3d at 904.

White claims that he cannot obtain relief by filing a § 2255 motion because such a motion would be barred by limitations and is second or successive. (D.E. 1, p. 5). "[A] prior unsuccessful § 2255 motion, or the inability to meet AEDPA's 'second or successive' requirement, does not make § 2255 inadequate or ineffective." *Dobre*, 211 F.3d at 878. White's claim that he is actually innocent of the superseding indictment might qualify for treatment pursuant to the savings clause if his claim was based upon a retroactively applicable Supreme Court decision that establishes that the petitioner was convicted of a nonexistent offense that was foreclosed by previous circuit precedent, but White makes no such claim. *See Reyes-Requena*, 243 F.3d at 904.

White has not established that he can meet the requirements of the savings clause to file a § 2241 petition. Accordingly, it is recommended that Petitioner's habeas action be dismissed because this Court does not have jurisdiction to consider his § 2255 claim and also because he has not shown that § 2255 is inadequate or ineffective to address his claims, allowing him to bring the claim under § 2241.

## V. RECOMMENDATION

For the reasons stated, it is respectfully recommended that Petitioner's 28 U.S.C. § 2241 cause of action be DISMISSED. It is further recommended that Petitioner's cause of action not be recharacterized as motion to vacate or set aside his sentence brought pursuant to 28 U.S.C. § 2255.

ORDERED this 3rd day of February, 2015.

_____
Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).